BUTLER LAW OFFICE
406 E. Southern Avenue
Tempe, AZ 85282-2674
Telephone: (480) 921-0626
Facsimile: (480) 967-5075
abutler@legalaz.com
Allen D. Butler, State Bar #5392
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re: )
)
RACHAEL ANNE EARL, ) CASE NO. 2:13-bk-18751-EPB
)
) CHAPTER 7
Debtor. )

**DEBTOR'S OBJECTION TO PROPOSED SALE OF HOMESTEADED PROPERTY AND REQUEST FOR EXPEDITED HEARING**

Comes now the Debtor and objects to the proposed sale of Debtor's property located at 881 N. Sunnyvale, Gilbert, AZ 85234, for the reason that the Debtor has claimed the property as her homestead property and there is thus no equity in the property for the trustee to claim. This Motion is supported by the following Memorandum of Points and Authority.

**MEMORANDUM OF POINTS AND AUTHORITY**

Debtor filed a pro-per chapter 13 bankruptcy on October 28, 2013. Finding herself ill-equipped to handle a chapter 13 case, she ultimately converted her chapter 13 to a chapter 7 on March 24, 2014. Counsel subsequently entered his appearance.

At the time of filing, debtor, her husband and four children resided in property located at 1311 S. Clayborn Avenue, Gilbert, AZ 85296. However, Debtor did not own that property, the property having previously been sold at a trustee's sale. Debtor was attempting to set aside the trustee's sale, which did not succeed.

Debtor and her husband owned another residence located at 881 N. Sunnyvale, Gilbert, AZ 85234. Debtor intended to move into the property on Sunnydale if she did

not prevail in her attempts to set aside the sale of the Clayborn avenue property. In August, 2014, Debtor's family moved to the property located on Sunnyvale. Debtor filed a notice of change of address.

On November 11, 2014, the chapter 7 trustee filed a notice of sale of the property located on Sunnyvale, which sale is set for Friday, December 19. On December 15, 2014, the lender secured by the property, Wells Fargo, filed an objection to the notice of sale.

On December 9, 2015 the Ninth Circuit BAP issued an opinion in *In re Gray*, holding that under the recent Supreme Court decision in *Law v. Siegel*, 134 S. Ct 1188 (2014) there was no limitation on a debtor filing amended exemptions in a pending bankruptcy case prior to the close of the case. *In re Gray*, (BAP no. AZ-13-1502, 9th Cir. 2014). On December 15, 2014, Debtor amended her bankruptcy schedules to assert her homestead exemption in the Sunnyvale Property. The property appraised for $215,000, but requires $34,559.66 in repairs, and is subject to a first lien in the amount of $173,890.00, thus there is not a lot of equity in the property in any event. See Trustee's Notice of Sale attached as exhibit A.

The only requirement under the Arizona homestead statute, ARS 33-1101 is that the claimant be over the age of eighteen, residing within the state and residing in the property. At the time the Debtor amended her schedules to claim the exemption she met all of these requirements. The homestead statute does not require that the homestead declaration be recorded. Debtor has, however, recorded her homestead declaration. See Exhibit B.

In *Schultz v. Mastrangelo*, 333 F.3d 278 (9th Cir. 1964) the Court held a Debtor who filed a declaration of homestead under Arizona law <u>after</u> filing bankruptcy was nevertheless entitled to the homestead exemption. The *Schultz* court relied upon the U.S. Supreme Court Decision of *Myers v. Matley*, 318 U.S. 622 (1943) which held that a declaration of homestead is good as against the trustee in bankruptcy though recorded after filing of the petition <u>if under state law, the 'declaration of homestead</u>

would be effective as against a creditor to prevent a judicial sale of the property if made and recorded after levy but before sale thereunder." 318 U.S. at 627.

As noted in *In re Glaze*, 169 B.R. 956, 967 (Bankr. Ariz. 1994):

> Finally, bankruptcy courts, in furtherance of their equitable powers, have permitted a debtor to claim certain real property as exempt, pursuant to the applicable state laws, after the bankruptcy petition has been filed. For instance, in Schultz v. Mastrangelo, 333 F.2d 278 (9th Cir.1964), the Ninth Circuit interpreted Arizona law and concluded that an adjudication in bankruptcy under the Bankruptcy Act was equivalent to a levy, not a sale, of real property and that a debtor could file a homestead declaration up to the point of sale. See also, In re Gitts, 116 B.R. 174 (9th Cir. BAP 1990) aff'd, 927 F.2d 1109 (9th Cir.1991) (the debtors took the necessary steps under Washington law to declare a homestead exemption; thus, the Gitts court determined that based upon the debtors' rights as of the petition date, under Washington law, the postpetition declaration of homestead created an exemption which was valid vis à vis the trustee. Id. at 179-80); In re Zohner, 156 B.R. 288 (Bankr.D.Nev.1993) (the court found the postpetition homestead exemption to be valid, since the Nevada law allowed the declaration to be filed any time prior to the sale). (Emphasis added)

169 B.R. 967.

The Supreme Court in *Myers* held that "a homestead is exempt if, under the state law, it would be held to be exempt." *Myers* at 625. See *In re Gitts*, 116 B.R.174 (Bankr. App. 9th Cir) applying the holding in *Myers*, and explaining that under Arizona Law (unlike California Law at the time) a landowner was entitled to claim his exemption at any time up to the hour of the execution sale. *Citing to Schultz* at 279. The court in *Gitts* explained at some length that the application of the homestead law is dependent upon the requirements of state law, independent of the bankruptcy code.

ARS 33-1103 provides that "The homestead provided for in section 33-1101, subsection A is exempt from process and from sale under a judgment or lien except . . . (exceptions which do not apply herein)."

As recently as 2014, the Arizona Court of Appeals stated: "A debtor may, however, declare a homestead at any time prior to sale, and may designate the property to which the exemption will apply if she owns more than one. A.R.S. § 33-1102(A)" (citing to *Ferguson v. Roberts*, 64 Ariz. 357, 361, 170 P.2d 855, 858 (1946)." *Rogone v. Correia*, (CA-CV 13-0375, Ariz. App. Sept. 2014). *See also First Nat'l Bank of Mesa v. Reeves*,

27 Ariz. 508, 234 P.2d 556(1925) (A person entitled to a homestead may exercise his option to claim it at any time before or after levy of execution thereon up to the hour of sale); *Seany v. Molling*, 61 Ariz. 81, 153 P.2d 532); *Mounce v. Wightman*, 29 Ariz. 567, 243 P. 415 (1926) (all cited in *Schultz*).

Under applicable bankruptcy law, the trustee has the rights of a judgment creditor, but not more. As stated in *In re Sanford*, 8 B.R. 761, 764 (N.D. Cal. 1981).

> The Bankruptcy Code of 1978 does away with the concept of vesting title to the debtor's property in the trustee. It creates and defines an estate and sets forth the powers and rights of the trustee in that estate (11 U.S.C. §§ 541, 544). The powers conferred "are those which the state law would allow to a supposed or hypothetical creditor of the debtor who, as of the commencement of the case, had completed the legal (or equitable) processes for perfection of a lien upon all the property available for the satisfaction of his claim against the debtor." 4 Collier On Bankruptcy ¶ 544.02 at 544-5 to 544-6 (15th ed. 1980) (fns. omitted).
>
> The trustee's status as a lien creditor is defined by section 544 as giving him the rights and powers of "a creditor of the debtor who upon a simple contract could have obtained a judicial lien on all property of the debtor, or who has obtained an execution against the debtor which is returned unsatisfied, or of a hypothetical bona fide purchaser of real property from the debtor, which pass to the trustee in section 544(a); not just any type of judicial lien creditor, or specially favored creditor." Id. ¶ 544.02 at 544-10. Whether under the former Act or the new Code, it is clear the extent of the trustee's rights and powers are to be measured by state law.

Under Arizona law, the Debtor could defeat the rights of a judgment creditor by asserting her homestead at any time prior to the sale, which she has done. Thus, under applicable bankruptcy law, she can also defeat the rights of the trustee.

In this case, the Debtor has designated this property on Sunnyvale as her homestead. *See* Exhibit B. Under the holdings cited above, the Debtor has the right to claim this property as her homestead property under Arizona law at any time prior to the sale.

Debtor therefore respectfully requests that the court enter an order that Debtor is entitled to her homestead rights, and that the trustee has no authority to sell the property as the estate has no interest in the property.

Further, Debtor respectfully requests the Court for an Order setting an expedited hearing regarding the aforementioned matter or in the alternative that the Trustee be

ordered to postpone the sale while this matter is resolved.

RESPECTFULLY SUBMITTED this 16th day of December, 2014.

                              LAW OFFICE OF ALLEN D. BUTLER

                              /s/ Allen D. Butler, #5392
                              Attorney for Debtors

ORIGINAL of the foregoing electronically
filed this 16th day of December, 2014 with:

Clerk of the U.S. Bankruptcy Court
District of Arizona
230 N. First Avenue, Suite 101
Phoenix, AZ 85003-1727

COPIES of the foregoing mailed
mailed this 16th day of December, 2014, to:

Diane M. Mann
P.O. Box 12970
Scottsdale, AZ 85267-2970

Lane & Nach, PC
2001 E. Campbell Avenue, Suite 103
Phoenix, AZ 85016 (e-mailed)

U. S. Trustee
OFFICE OF THE U.S. TRUSTEE
230 N. 1st Avenue, Suite 204
Phoenix, AZ 85003

By: /s/

DIANE M. MANN    UST-6  5/01
P.O. BOX 12970
SCOTTSDALE, AZ 85267-2970
(480) 451-3053

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| EARL, RACHAEL ANNE | ) No. 13-18751-PHX-EPB |
| | ) |
| | ) NOTICE OF TRUSTEE'S SALE |
| | ) |
| Debtor(s) | ) |

NOTICE IS GIVEN that property belonging to the estate of the above-named debtor(s) will be sold to the person making the highest and best offer on 12/19/14 at 8:30 o'clock, a.m. at US BANKRUPTCY COURT, CLERK, 230 N. FIRST AVE., STE 102 PHOENIX, AZ 85003.

Property to be sold: Estate's 100% interest in residence located at 881 N Sunnyvale Ave., Gilbert, AZ

Terms of Sale: Sale is "as is, where is." Trustee makes no warranties or representations. Bidders must conduct own due diligence.

> To: Debtor
> Address: 1311 S Clairborne Ave., Gilbert, AZ
> Purchase price: $5,000.00

or any person making a higher and better offer.

The sale will not be free and clear of all liens. The property is subject to liens or interests, which upon information and belief, include real property taxes and liens of about $174,000.00. Trustee has been advised debtor's daughter resides in the premises.

The property may be viewed at the following place and time: Contact Trustee at 480-451-3053 or dmm1126@aol.com or Adam Nach at 602-258-6000.

There is an appraisal of the property conducted on 8/15/14 by Swift Home Inspection of Gilbert, AZ. The property is appraised at $215,000.00 with repairs needed and estimated to be $34,559.00. The inspection is available.

Any person opposing the sale shall file a written objections on or before five days prior to the sale date with the Clerk of the U.S. Bankruptcy Court, US BANKRUPTCY COURT, CLERK, 230 N. FIRST AVE., STE 102 PHOENIX, AZ 85003 and mailed to the trustee, DIANE M. MANN, at the following address: P.O. BOX 12970, SCOTTSDALE, AZ 85267-2970.

If a person timely objects in writing and a hearing is requested but has not yet been conducted by the scheduled sale date, bids will still be taken and the sales procedure followed. The closing of the sale will be dependent upon the outcome of the Court hearing on the objection.

November 11, 2014            /s/ DIANE M. MANN
DATE                         DIANE M. MANN, Trustee

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20140824417 12/16/2014 09:37
ELECTRONIC RECORDING

EARLHOMESTEAD-2-1-1--
Yorkm

EXHIBIT B

(SPACE ABOVE FOR RECORDER'S USE)

# DECLARATION AND CLAIM OF HOMESTEAD

**Effective Date:** August, 2014

**County and State where Real Property is located:** Maricopa County, Arizona

**CLAIMANT** (Name, Address, Zip)

Rachael Anne Earl
881 North Sunnyvale Avenue
Gilbert, Arizona 85234

**HOMESTEAD REAL PROPERTY** (Address or Location)

881 North Sunnyvale Avenue
Gilbert, Arizona 85234

**HOMESTEAD REAL PROPERTY** (Legal Description)

KRISTIN MANOR MCR 503-16

1. I am over the age of 18 and at the time of making this Declaration actually am a resident of the State of Arizona.
2. I select and designate this Real Property or Mobile Home to be my Homestead, together with the improvements thereon and the appurtenances thereto, as exempt from attachment, execution or forced sale up to the amount of $150,000. I have designated this as my one and only Homestead and its fair market value (minus liens and encumbrances) is $41,000.
3. My Real Property Homestead is in one compact body, upon which exists a dwelling house in which I reside. Should I have designated a Mobile Home, my Homestead is a Mobile Home in which I reside or a Mobile Home in which I reside and the land upon which it is located. A.R.S. § 33-1101 and § 33-1105.
4. If I am married and the property claimed is held as community or joint property, then my spouse joins with me in making this claim.

[X] The value of my Real Property Homestead (dwelling house and/or land), over and above encumbrances against it, does not exceed $150,000.

[ ] The value of my Mobile Home, over and above encumbrances, does not exceed $150,000.

[ ] The value of my Mobile Home plus the value of the land upon which it is located, over and above encumbrances, does not exceed $150,000.

[ ] The value of my equity interest in one apartment of a horizontal property space does not exceed $150,000.

[ ] The value of my Real Property Homestead, Mobile Home, Mobile Home plus land, or apartment, over and above encumbrances against it, exceeds $150,000, in which case I claim the maximum exemption allowable by law.

Dated December 15, 2014

_Rachael Earl_
Signature of Claimant

STATE OF ARIZONA )
) ss
County of Maricopa )

The foregoing Homestead Declaration was acknowledged before me this 15 day of December, 2014, by Rachael Anne Earl.

(Seal and Expiration Date)

CAROLYN P. BUTLER
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires
January 8, 2016

_Carolyn P. Butler_
Notary Public