ALLEN D. BUTLER, ESQ. (SBN 005392)
MORGAN SEEGMILLER, ESQ. (SBN 028093)
406 E. SOUTHERN AVE.
TEMPE, ARIZONA 85282
TELEPHONE: (480) 921-0626
FAX: (480) 967-5075
abutler@legalaz.com
morgan@legalaz.com
Attorneys for Plaintiffs

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In Re:

RACHAEL EARL,

Debtor

Case No.: 2:13-bk-18751-EPB

CHAPTER 7

**DEBTOR'S MOTION TO RECONSIDER ORDER DENYING HOMESTEAD EXEMPTION AT 881 NORTH SUNNYVALE AVENUE**

Comes now the Debtor and respectfully requests the Court reconsider its ruling denying Debtor's claimed homestead exemption for her residence at 881 North Sunnyvale Avenue, Gilbert, Arizona, 85234 (See Docket #104). A formal order was uploaded but has not been signed (Docket #109).

The court is familiar with the underlying facts, which need not be repeated herein, except that debtor has since amended her schedules to indicate that all of her belongings are now located at the Sunnyvale property, which was the case from the time she moved and claimed her homestead allowance in the Sunnyvale property (See Docket #115).

The failure to amend the schedules to indicate otherwise was an oversight on the part of Debtor's counsel.

**ARGUMENT**

1. A claimed exemption is presumptively valid. See *In re Carter*, 182 F. 3d 1027 – Court of Appeals, 9th Circuit 1999 (Citing 9 Collier on Bankruptcy ¶ 4003.04 (15th ed. Rev. 1998); *In re Patterson*, 128, B.R. 737, 740 (Bankr.W.D.Tex.1991)).

2. Lund Cadillac, as movant, had the burden of persuasion in proving that the exemption was not properly claimed. See Fed. R. Bankr.P. 4003(c). Lund only cites as proof in their original objection the Bankruptcy Schedules and a vague notion that Lund did not believe Debtor lives at the Sunnyvale Property.

3. The Ninth Circuit has held in *Schultz v. Mastrangelo* that in Arizona, a homestead exemption could be claimed at any time up until the hour of the sale" *(See* Schultz v. Mastrangelo, 333 F.2d 278 (9th Cir.1964) at 279). *See also In re Gitts*, 116 BR 174, 9th Circ. BAP (1990). See similar cases cited in debtor's prior brief at Docket 96.

4. The applicability of the state exemptions is set forth in 11 U.S.C. §522(3)A) which provides that the exemptions must be determined in accordance with the state law "applicable on the date of filing."

5. "[I]t is the *entire* state law applicable on the filing date that is determinative" of whether an exemption applies. *In re Zibman*, 268 F.3d 298, 304 (5th Cir. 2001).

6. The court's reasoning in its opinion rendered on April 15, 2015, Docket # 104 rests upon the "snapshot rule" which is that exemptions are fixed at the time of the

bankruptcy petition, and that the "exemption must validly exist under Arizona exemption law as that law existed on the petition date." The "snapshot rule" was set forth in *White v. Stump*, 266 U.S. 310, 313, 45 S.Ct. 103, 69 L.Ed 301 (1924).

7. Debtors would urge the court to carefully review the the "snapshot rule" in light of the reasoning of the subsequent case of *Myers v. Matley,* 318 U.S. 622, 63 S.Ct. 780, 87 L.Ed 1043 (1943). In *Myers,* discussed in Debtor's previous brief, the court considered the issue as to whether a post-petition homestead declaration was valid under Nevada law. The Court considered the *White* case at some length and held that the homestead exemption claimed by the debtor in *White*, was invalid *because the claimed homestead did not comply with Idaho law. See id* at 625. The court specifically pointed out that "If the law of Nevada respecting homestead exemptions were like that of Idaho, or operated in the same way, White v. Sump would be in point." *Id.*

8. The court in *Myers* then went on to an analysis as to whether the post-petition claim homestead claimed in Nevada "would be effective as against a creditor to prevent a judicial sale of the property if made and recorded after levy but before sale thereunder. If it would it <u>must be equally effective as against the trustee, whose rights rise no higher than those of the supposed creditor and attach at the date of the inception of bankruptcy."</u> Id. At 627.

9. The court went on to conclude that an analysis of the Nevada law resulted in the conclusion that the debtor was entitled to his homestead exemption if the selection and recording occured at any time before actual sale under execution.

3

Case 2:13-bk-18751-EPB  Doc 121  Filed 06/26/15  Entered 06/26/15 15:57:48  Desc
Main Document    Page 3 of 6

10. The court then addressed *White v. Stump*, and concluded:

> In conformity to the principle announced in White v. Stump that the bankrupt's right to a homestead exemption becomes fixed at the date of the filing of the petition in bankruptcy and cannot thereafter be enlarged or altered by anything the bankrupt may do, it remains true that, under the law of Nevada, the right to make and record the necessary declaration of homestead existed in the bankrupt at the date of filing the petition as it would have existed in case a levy had been made upon the property. The assertion of that right before actual sale in accordance with State law did not change the relative status of the claimant and the trustee subsequent to the filing of the petition. The federal courts have generally so held and have distinguished White v. Stump where the state law was similar, in terms or in effect, to that of Nevada.

*Myers v. Matley at 628.*

11. This court in its ruling stated that the exemption must validly exist under Arizona exemption law as that law existed on the petition date. As Debtor pointed out in her response to Lund Cadillac's objection, Arizona law is crystal clear that a debtor can claim an homestead exemption <u>until the property is sold.</u> *See* Debtor's initial Response in paragraphs 8, 9, and 12.

12. Thus while the "snapshot" rule fixes the exemptions at the time of the bankruptcy Petition; under 11 U.S.C. §522(3)A) and the rule announced in *Myers*, the court <u>must</u> look to the state law to determine how the exemptions are to be applied.

13. The chapter 7 trustee has the hypothetical rights of a judgment creditor. Assume that a judgment creditor had obtained a judgment against debtor while Debtor was residing in the Claiborne property. There is nothing in Arizona law that would prohibit her from moving into the Sunnyside property and claiming her exemption

4

Case 2:13-bk-18751-EPB    Doc 121    Filed 06/26/15    Entered 06/26/15 15:57:48    Desc
Main Document    Page 4 of 6

if she did so prior to the sale of the Sunnyside property. Under 522(a)(3) and *Myers*, the same result should obtain in this case.

14. The bothersome issue in this case is whether the debtor has the right to claim the homestead exemption post-petition. Debtor has previously presented the Arizona law that supports that proposition. Debtor would direct the court's attention to *In re Elia*, 198 B.R. 588 (Bankr. Ariz. 1996) wherein the debtor sold her previously homesteaded property and used the proceeds to acquire a different property which she properly homesteaded over the objection of her judgment creditors. While there were other problems with the debtor's case in *Elia*, Judge Curley concluded that the remedy sought by the creditors (to turn over the entire homesteaded amount) was "pursuing a remedy that is too harsh." 198 B.R. at 603. If the debtor in *Elias* could properly homestead a property acquired post-petition, the debtor in this case should be able to homestead a property which she owned at the time of filing.

15. Furthermore, the Arizona statutes specifically contemplate that a Debtor can change her homestead by selling a property and reinvesting the proceeds in a new home, provided the reinvestment is done within 18 months. See ARS §33-1101(C). Thus in that instance, the homestead allowance which was applied at the time of filing would survive the "snapshot rule" which might otherwise prohibit a transfer of the homestead allowance. See *In re Smith*, 515 B.R. 755 (Bankr. Ariz.2014). (Debtors could sell their Arizona property and reinvest the proceeds in a residence in Utah).

Debtor respectfully suggests that when the court looks at the analysis in *Myers v. Matley,* and the applicable state law, in its entirety, and for the reasons set forth herein and in Debtor's prior brief (Docket #96) which Debtor incorporates herein by reference, the objection by Lund Cadillac must be overruled.

DATED this 26th day of June, 2015.

*[signature]*
Allen D. Butler, Esq.
Morgan Seegmiller, Esq.
406 E. Southern Ave.
Tempe, AZ 85282
Attorneys for Defendants

ORIGINAL of the foregoing electronically
filed this 26th day of June, 2015 with:

Clerk of the U.S. Bankruptcy Court
District of Arizona

COPIES of the foregoing mailed
mailed this 26th day of June, 2015, to:

Diane M. Mann
P.O. Box 12970
Scottsdale, AZ 85267-2970

Lane & Nach, PC
2001 E. Campbell Avenue, Suite 103
Phoenix, AZ 85016 (e-mailed)

Ryan J. Lorenz, Esq.
Clark Hill, PLC
14850 N. Scottsdale Road, Suite 500
Scottsdale, AZ 85254
Attorney for Lund Cadillac, LLC

U. S. Trustee
OFFICE OF THE U.S. TRUSTEE
230 N. 1st Avenue, Suite 204
Phoenix, AZ 85003

By: *[signature]*