1  Adam B. Nach – 013622
   Joel F. Newell – 025296
2  **LANE & NACH, P.C.**
   2001 E. Campbell Ave., Suite 103
3  Phoenix, AZ 85016
   Telephone No.: (602) 258-6000
4  Facsimile No.: (602) 258-6003
   Email:  adam.nach@lane-nach.com
5  Email:  joel.newell@lane-nach.com

6  *Attorneys for Diane M. Mann, Trustee*

7           **IN THE UNITED STATES BANKRUPTCY COURT**

8               **FOR THE DISTRICT OF ARIZONA**

9  In re:                                    (Chapter 7 Case)

10                                           No. 2:13-bk-18751-EPB
11 RACHAEL ANNE EARL,
                                             **TRUSTEE'S APPLICATION FOR ORDER
12          Debtor.                          TO APPEAR AND SHOW CAUSE WHY THE
                                             DEBTOR, RACHAEL ANNE EARL, SHOULD
13                                           NOT BE REQUIRED TO ALLOW THE
                                             ESTATE'S BROKER ACCESS TO REAL
14                                           PROPERTY**

15                                           **Time: TBD
                                             Date: TBD**
16                                           **Location: 230 N. 1st Avenue
                                                        Phoenix, AZ 85003**
17                                           **Courtroom No. 703**

18         Diane M. Mann, Trustee ("**Trustee**"), by and through her attorneys undersigned, herein applies to

19 this Court for an Order to Appear and Show Cause ("**Application**") to be issued against Rachael Anne

20 Earl ("**Debtor**"), as to why she should not be ordered to allow Beth Jo Zeitzer of R.O.I. Properties, LLC

21 ("**Broker**") access to real property commonly known as 881 N. Sunnyvale, Gilbert, AZ 85234

22 ("**Property**").  In support of this Application, Trustee respectfully submits the following Memorandum of

23 Points and Authorities and the entire record of this Chapter 7 administrative case.

24            **MEMORANDUM OF POINTS AND AUTHORITIES**

25      A.    **FACTUAL BACKGROUND.**

26      1.    This case was commenced by a voluntary Chapter 13 Petition filed by the Debtor on

27 October 28, 2013, which was converted to Chapter 7 on March 14, 2014 ("**Petition Date**").

28      2.    The Trustee is the duly qualified and acting trustee in this case.

LANE & NACH, P.C.
2001 E. Campbell Avenue, Suite 103
Phoenix, AZ 85016

3. On or about June 27, 2014, this Court entered an Order Sustaining Trustee's Objection to Claimed Exemption relating to Debtor's claimed homestead exemption in the Property ([DE No. 56] ("**Order**").  The Order authorized Trustee to proceed with the liquidation of the real property at issue. This Court's decision was subsequently affirmed by the United States District Court for the District of Arizona on August 15, 2016.  The United States Court of Appeals for the Ninth Circuit issued its Memorandum Decision affirming the District Court's ruling on November 27, 2017.

4. Pursuant to Debtor's Amended Schedule D, the Property is encumbered by a Deed of Trust in favor of Wells Fargo Home Mortgage ("**Wells Fargo**").  *See* DE No. 60 at P. 1 of 7.

5. Upon information and belief, the current balance due and owing to Wells Fargo as of August 2017 is $151,251.82.

6. Upon information and belief, the mortgage payments to Wells Fargo are current as of the date of this Application.

7. **Upon information and belief, the Property has an estimated value of $188,000.00 - $225,000.00.**

8. Trustee contends there is equity in the Property for the benefit of creditors of the Estate.

9. Prior to this Application, the Broker attempted to make arrangements through Debtor's counsel to gain access to the Property.

10. In failing to allow access to the Property, the same is prohibiting the Trustee from liquidating property of the bankruptcy estate, including prohibiting the Trustee from marketing and selling the Property.

11. Recently, the Ninth Circuit Court of Appeals affirmed this Court's ruling sustaining the objection to the Debtor's alleged homestead exemption.  *See Earl v. Lund Cadillac, LLC, et al.*, No. 16-16428 (9th Cir. Nov. 16, 2017).

**B. LEGAL AUTHORITY.**

This Court has jurisdiction over Debtor's Chapter 7 case under 28 U.S.C. § 1334. Proceedings with respect to property of the Estate and this Application are core proceedings that the Court may hear and decide. *See* 28 U.S.C. § 157(b)(1) and (b)(2)(A) (E) (O) and (N).  Moreover, venue is appropriate

pursuant to 28 U.S.C. § 1408(1).

Property of the Estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a). The concept of property of the estate is broad in scope, encompassing all kinds of property, including tangible and intangible property, causes of action, real and personal property, certain property held by the debtor in trust for others, and certain property of the debtor held by others. *See U.S. v. Whiting Pools*, 462 U.S. 198, n.9 (1983).

There is no question, or doubt, that the Property is property of the Estate. Moreover, this Court previously entered an Order authorizing Trustee to take appropriate action in order to liquidate the Property [DE No. 125].

This Court has the authority pursuant to 11 U.S.C. § 105 to issue any order "that is necessary or appropriate to carry out the provisions of this title". The Ninth Circuit Court of Appeals has recognized that the Bankruptcy Courts have the inherit power to sanction vexatious conduct presented before the court. *In re Rainbow Magazine, Inc.* 77 F.3rd 278 (9th Cir. 1996). Moreover, the Ninth Circuit BAP has held that an award of attorneys' fees may be warranted when a debtor fails to comply with his or her statutory duties, including a debtor's responsibility to cooperate with the Trustee. *In re Starky*, 522 B.R. 220 (9th Cir. BAP 2014). The burdens and damages suffered by the Estate should be borne by the Debtor.

WHEREFORE, Trustee respectfully requests the Court enter an Order as follows:

A.   Directing the Debtor, Rachael Anne Earl, to appear before this Court and show cause why she should not be required to allow the Estate's Broker access to the Real Property after reasonable notice;

B.   Directing the Debtor to cooperate with the Estate's Broker to access the Property for purposes including, but not limited to, an inspection or viewing to potential buyers;

C.   To the extent that the Debtor does not comply with allowing the Estate's broker access to the Property, the non-complying party shall be sanctioned in the amount of $50.00 per day for each day the non-complying party prevents, or interrupts, the Broker in fulfilling her duties to the Estate;

D.      Directing the Debtor or Debtor's counsel to provide the Estate's Broker a phone number and email to ensure timely communication can be made; and,

E.      For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 19th day of December, 2017.

**LANE & NACH, P.C.**

By: /s/   *Adam B. Nach – 013622*
          Adam B. Nach
          Joel F. Newell
          *Attorneys for Chapter Trustee*

**CERTIFICATE OF MAILING**

COPY of the foregoing mailed via first class mail as follows:

Rachael Anne Earl
881 N. Sunnyvale
Gilbert, AZ 85234
*Debtor*

Dan J. Earl
881 N. Sunnyvale
Gilbert, AZ 85234
*Non-filing Spouse*

COPY of the foregoing mailed via electronic mail as follows:

Allen D. Butler
Butler Law Office
406 E. Southern Avenue
Tempe, AZ 85282-2674
Email: abutler@legalaz.com
*Attorney for Debtor*

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email:  renee.s.shamblin@usdoj.gov

By: /s/ *Terie Flowers Turner*